Kevin Hahn, #024277
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032
*kevin@mclaw.org*

Attorneys for Movant
GMAC MORTGAGE, LLC,
and its successors and/or assignees

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| STEVEN R. FERREIRA AND PATRICIA G. FERREIRA, | Case No. 4:10-bk-13548-EWH |
| Debtors, | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| GMAC MORTGAGE, LLC, and its successors and/or assignees, | [Re: 11428 EAST VIA SALIDA, YUMA, AZ 85367] |
| Movant, | |
| vs. | |
| STEVEN R. FERREIRA AND PATRICIA G. FERREIRA, Debtors, and DIANNE C. KERNS, Trustee, | |
| Respondents. | |

**TO THE HONORABLE EILEEN W. HOLLOWELL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that GMAC MORTGAGE, LLC, and its successors and/or assignees ("GMAC"), has filed the attached Motion For Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

///

This Motion is based upon the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

Dated: May 20, 2010

Respectfully Submitted,

MALCOLM ♦ CISNEROS.A Law Corporation

By: /s/ Kevin Hahn, #024277
    Kevin Hahn, Esq.
    Attorney for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

GMAC requests the Court to grant it relief from the automatic stay because Movant's interest in the Property is not adequately protected, because there is no equity in the Property to benefit the Debtors or the estate and because it is the Debtors' intention to surrender the Property as stated in the Chapter 13 Plan.

## II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about November 14, 2003, STEVEN R. FERREIRA AND PATRICIA G. FERREIRA made and delivered a Promissory Note in the original principal amount of $214,800.00, secured by a First Priority Deed of Trust on the Property commonly known as 11428 EAST VIA SALIDA, YUMA, AZ 85367 (the "Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "A" and "B," respectively.

Mortgage Electronic Registration Systems, Inc. is the nominee under the Note and Deed of Trust and therefore, the proper party in interest. GMAC Mortgage, LLC is the Servicer of the Note and Deed of Trust. The MERS Servicer Identification Number which reflects GMAC Mortgage, LLC as the Servicer under the Note and Deed of trust is attached hereto as Exhibit "C".

2. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

3. **The Filing Of The Instant Petition.** On or about May 4, 2010, STEVEN R. FERREIRA AND PATRICIA G. FERREIRA filed the instant Chapter 13 Petition as Case No. 4:10-bk-13548-EWH.

///
///
///
///
///

4. **The Total Indebtedness Under The First Note.** The total indebtedness owed to GMAC, exclusive of attorneys' fees, is as follows:

| | |
|---|---:|
| Principal Balance: | $ 184,483.73 |
| Interest Accrued to but not including May 24, 2010: | $ 4,295.77 |
| Escrow Advance: | $ 558.51 |
| Late Charges: | $ 190.59 |
| Statement, Recording & Trust Fees: | $ 82.00 |
| Other Fees: | $ 222.50 |
| **TOTAL:** | $ **189,833.10** |

5. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITORS | LIEN AMOUNT |
|---|---:|
| 1. GMAC (1st TRUST DEED) | $ 189,833.10 |
| 2. Specialized Loan Servicing (2nd TRUST DEED) | $ 138,283.00 |
| **TOTAL:** | $ **328,116.10** |

6. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $243,186.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedule A, Schedule D, and Chapter 13 Plan are attached hereto as Exhibit "D."

### III.

### RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) BECAUSE MOVANT'S INTEREST IN THE PROPERTY IS NOT ADEQUATELY PROTECTED.

The evidence demonstrates that GMAC's interest in the Property is not protected by an adequate equity cushion. By the Debtors' own admission, the Property has a fair market value of $243,186.00, leaving no equity cushion available for GMAC. Based on the foregoing, the stay should be terminated immediately. GMAC has satisfied its burden under Section 362(d)(1).

*///*

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER
## SECTION 362(d)(2) BECAUSE THERE IS NO
## EQUITY IN THE PROPERTY.

The evidence demonstrates that there is no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $243,186.00, while the total indebtedness on the Property is $328,116.10. Based on the foregoing, the stay should be terminated immediately. GMAC has satisfied its burden under Section 362(d)(2).

## V.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER
## SECTION 362(d)(1) FOR CAUSE AS THE DEBTORS ARE SURRENDERING THE
## PROPERTY.

The evidence demonstrates that it is the Debtors' intention to surrender the Property as stated in the Statement of Intentions. Based on the foregoing, the stay should be terminated immediately. GMAC has satisfied its burden under Section 362(d)(1).

## VI.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, GMAC requests that the Court take judicial notice of the following facts:

1. The Property has a fair market value of $243,186.00. See Exhibit "D."
2. The Debtors intend to surrender the Property. See Exhibit "D."

///
///
///
///
///
///

# VII.
# **CONCLUSION.**

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow GMAC to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Furthermore, GMAC is specifically requesting the Court to award Movant's attorneys fees and costs incurred in connection with this matter.

Dated: May 20, 2010

Respectfully Submitted,

MALCOLM ♦ CISNEROS.A Law Corporation

By: /s/ Kevin Hahn, #024277
    Kevin Hahn, Esq.
    Attorney for Movant